[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs The Naugatuck Board of Mayor and Burgesses (Burgesses), the representative body of Naugatuck, here seek to set aside and prevent enforcement of an award by an arbitration panel to the Naugatuck Teachers League (League). This award was ordered by the arbitration panel entirely upon the agreement or CT Page 13374 stipulation entered into by the Naugatuck Board of Education (Board), a party to the arbitration, and the League, another party, and brought to the arbitrator's attention. It was thereafter rejected by the Burgesses and a second arbitration panel reaffirmed the award.
The Burgesses claim that the agreement or stipulation was a contract between the Board and the league and as such must be presented to them for approval under § 10-153d of the General Statutes. Under that section the Burgesses may vote to reject the contract and if so, then the issues may be mediated. The Burgesses claim the contract was not subject to binding arbitration under § 10-153 in these circumstances.
The league has moved to dismiss this action. The league claims since the Burgesses were not a party to the arbitration, they may not ask the court to vacate the award or stay its enforcement.
The burgesses seek here to have declared invalid the award and to stay any enforcement of the award against Naugatuck, not because of some error in the award process but rather because the arbitration award process itself should not have been used when the Board and the league reached agreement on all issues in the contract. In Brotherhood of Police Officers v. Jewett City,234 Conn. 123, the Supreme Court ordered dismissal of a union's application to enforce such an agreed award. Here the representative body is seeking relief from future enforcement of the award. It should have its day in court to establish its claims.
Accordingly, the motion to dismiss is denied.
McDONALD, J.